RAFAEL LUIS RIVERA GARCÍA ET AL., peticionarios, *v.* TRIBUNAL SUPERIOR DE PUERTO RICO, SALA DE HUMACAO, HON. JOSÉ DÁVILA ORTIZ, JUEZ, recurridos.

*Número:* C-65-108      *Resuelto:* 27 de junio de 1966

*Guillermo Bird Martínez, Faustino R. Aponte* y *Arturo Aponte Parés,* abogados de los peticionarios; *Rieckehoff, Calderón, Vargas & Arroyo,* abogados del interventor Félix Parrilla.

Sala Segunda integrada por su Presidente el Juez Asociado Señor Belaval y los Jueces Asociados Señores Hernández Matos, Blanco Lugo y Ramírez Bages.

EL JUEZ ASOCIADO SEÑOR BELAVAL emitió la opinión del Tribunal.

Los hechos estipulados en el presente caso, son los siguientes: El 28 de julio de 1901 don Esteban Díaz Sabino, contrajo nupcias con doña Belén Castaño Rivera, cuyo matrimonio duró hasta la muerte de don Esteban el 29 de marzo de 1959. Después de casado, entre los años 1923 y 1924, don Esteban tuvo relaciones sexuales con una señora conocida como Juanita Parrilla, de cuyas relaciones el día 26 de marzo de 1924, les nació un hijo, conocido como Félix Parrilla. La demanda de filiación solicitando su reconocimiento como hijo nacido fuera de matrimonio, fue radicada el 2 de marzo de 1964. Como se ve, en el 1945 el hijo era mayor de edad; cuando murió su padre en el 1959, tenía treinta y cinco años; al radicar la demanda en el 1964 su padre tenía cinco años de muerto. Estos hechos demuestran que la acción de filiación caducó el 29 de marzo de 1960. Es conveniente recordar que a 1960, ya se habían aprobado la Ley Núm. 229 de 12 de mayo de 1942, según enmendada por la Ley Núm. 243 de 12 de mayo de 1945 que declarara hijos naturales a todos los hijos nacidos fuera de matrimonio, independientemente de que sus padres hubieran podido o no contraer matrimonio al tiempo de la concepción de dichos hijos, se había adoptado el Art. II, Sección 1 de la Constitución de Puerto Rico, disponiendo que: "No podrá establecerse discrimen alguno por motivo de raza, color, sexo, nacimiento, origen o condición social, ni ideas políticas o religiosas" y se había aprobado la Ley Núm. 17 de 20 de agosto de 1952,

equiparando a los hijos nacidos dentro y fuera de matrimonio en cuanto a los derechos familiares y a los bienes relictos por sus padres.

La ilustrada Sala sentenciadora falló en contra de la caducidad de la acción por las siguientes razones: "No es hasta que se aprueba la Constitución nuestra que se establece, en forma definitiva, el derecho del hijo adulterino en igualdad de condiciones con los hijos legítimos; ni el precepto constitucional ni la Ley número 17 establecieron término prescriptivo alguno para que el hijo nacido de padre o madre casado pudiera lograr el pleno reconocimiento de sus derechos en igualdad al hijo legítimo. Y ya hemos visto que el art. 126 del Código Civil por sus propios términos limita su alcance y el término para el ejercicio de la acción filiatoria a los hijos reputados como naturales . . . . Sostenemos que la acción del hijo adulterino cuyos progenitores fallecen con posterioridad a la aprobación de la Constitución del Estado Libre Asociado de Puerto Rico no tiene término prescriptivo alguno y ello es así porque ni la Constitución que creó el derecho ni la Ley número 17, supra, establecieron término prescriptivo alguno. No obstante, de existir algún término prescriptivo para el ejercicio de tal acción éste sería el de 15 años a tenor del artículo 1864 del Código Civil que dispone lo siguiente: 'La acción hipotecaria prescribe a los veinte años y las personales que no tengan señalado término especial de prescripción a los quince.' Habiéndose radicado la demanda en el caso de autos el día 2 de marzo de 1964, o sea alrededor de 5 años después de fallecido don Esteban Díaz Sabino resulta claro que el demandante estaba en tiempo para el ejercicio de su acción."

Las conclusiones de la ilustrada Sala sentenciadora son contrarias a Derecho. Es cierto que la Constitución de Puerto Rico no establece término prescriptivo alguno para que el hijo adulterino pudiera lograr los mismos derechos que los hijos legítimos. No lo tiene la Constitución porque esta clase de disposiciones pertenecen al Derecho privado y no al Derecho

Político. . . . . Es por eso que en las Disposiciones Transitorias de nuestra Constitución se establece que, al comenzar a regir la Constitución, todas las leyes que no estuvieran en conflicto con la misma, continuarán en vigor íntegramente hasta que fueren enmendadas o derogadas o hasta que cesare su vigencia de acuerdo con sus propias disposiciones. Por otro lado, ya hemos visto que desde la aprobación de la Ley Núm. 229 de 12 de mayo de 1942, los hijos adulterinos pasaron a ser hijos naturales, y como tales, cubiertos por las disposiciones de caducidad del Art. 126 del Código Civil nuestro antes de empezar a regir nuestra Constitución del 1952. Asumiendo que a la situación de hechos que presenta este caso, le fuera aplicable el Art. 1864 del Código Civil, todavía habría que concordarlo con el Art. 1869 que dispone: "El tiempo para la prescripción de toda clase de acciones, cuando no haya disposición especial que otra cosa determine, se contará desde el día en que pudieron ejercitarse." En este caso, el derecho del peticionario a solicitar su estado de hijo hubiera caducado en el 1960. Como se ve, la regla de caducidad que establece el Art. 126 que permite la acción de filiación durante toda la vida del presunto padre y un año más después de su muerte resulta más eficaz y humana. Es indudable que no existe conflicto alguno entre las disposiciones de nuestra Constitución, en su alto propósito de equiparar los derechos familiares, sociales y hereditarios de todos los hijos y los métodos tradicionales de nuestro Derecho de familia para impugnar las presunciones de legitimidad, de los hijos nacidos dentro de matrimonio y establecer la filiación de los hijos nacidos fuera de matrimonio.

*Debe revocarse la resolución dictada el día 13 de julio de 1965 por la Sala de Humacao del Tribunal Superior de Puerto Rico y dictarse sentencia declarando con lugar la solicitud de desestimación de los demandados recurridos.*

El Juez Asociado Señor Hernández Matos radicará en tiempo oportuno un voto explicativo.